Michele A. Dobson, (Bar No. 192349)
LAW OFFICES OF MICHELE A. DOBSON
Historic Bixby Knolls
3711 Long Beach Blvd., Suite 5047
Long Beach, CA 90807
T (562) 433-7718 Telephone
F (562) 433-7719 Facsimile
E longbeachesq@gmail.com
www.longbeachesq.com
Attorney for Banneret, LLC, and The Small Cafe

UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

| CHRIS LANGER, | Case No. 2:19-cv-01272-ODW-JEM |
|---|---|
| Plaintiff, | Assigned to: Judge Otis D. Wright, II |
| v. | **MOTION FOR DISQUALIFICATION OF THE HONORABLE OTIS D. WRIGHT, PURSUANT TO 28 US.C. §§ 144 AND 455; AFFIDAVIT OF PREJUDICE BY MICHELE A. DOBSON, CERTIFICATE OF GOOD FAITH BY COUNSEL OF RECORD** |
| BANNERET, LLC, a California Limited Liability Company; H AND I FOODS INC., a California Corporation; THE SMALL CAFE, LLC, a California Limited Liability Company, Does 1-10, inclusive, | |
| Defendant(s). | HEARING DATE: MAY 20, 2019<br>TIME: 1:30 PM<br>DEPT: 5D |

TO THIS HONORABLE COURT, TO ALL PARTIES AND TO THE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on May 20, 2019, Defendant Banneret, LLC, a California Limited Liability Company and Defendant The Small Cafe, LLC, a California Limited Liability Company, will, and hereby do, move for the Disqualification of the Honorable Otis Wright, II.

MOTION FOR DISQUALIFICATION OF THE HONORABLE OTIS D. WRIGHT,PURSUANT TO 28 US.C. §§ 144 AND 455;AFFIDAVIT OF PREJUDICE BY MICHELE A. DOBSON, CERTIFICATE OF GOOD FAITH BY COUNSEL OFRECORD - 1

pursuant to 28 U.S.C. Sections 144 and 455, on the grounds that there is evidence of bias in favor of the plaintiff and prejudice against the defendants.

This motion will be based upon the attached points and authorities, the affidavit of Michele A. Dobson and the exhibits attached thereto, the Certificate of Counsel, and all pleadings and records on file in this action.

DATED: April 8, 2019          LAW OFFICES OF MICHELE A. DOBSON

_____
MICHELE A. DOBSON
Attorney for Banneret, LLC and The Small Café

MOTION FOR DISQUALIFICATION OF THE HONORABLE OTIS D. WRIGHT, PURSUANT TO 28 US.C. §§ 144 AND 455; AFFIDAVIT OF PREJUDICE BY MICHELE A. DOBSON, CERTIFICATE OF GOOD FAITH BY COUNSEL OF RECORD - 2

**ARGUMENT**

Counsel for Banneret, LLC, and The Small Café has personal experience with Judge Wright and is actively litigating a matter against the County of Los Angeles, Department of Children and Family Services, that goes to Jury Trial in August of 2019, that Judge Wright was involved in when the matter was in federal court. The matter is going to Jury Trial in the Superior Court of California, Department 56, before the Honorable Holly Fujie.

Counsel for Banneret, LLC, and The Small Café hereby request that this matter be reassigned forthwith. Counsel for Banneret, LLC, and The Small Café does not believe that this bench officer can be impartial based upon Counsel's experiences before Judge Wright in the matter litigated against the County of Los Angeles, Department of Children and Family Services.

Although there is a proof of service for The Small Café, that party will submit an affidavit that she, nor any member of her family, was served with the Complaint in this action. Additionally, Banneret, LLC's principal was not served but was sub-served just days ago.

This request is timely as it is each parties first appearance before this Honorable Court.

As indicated in the attached declaration, Counsel for Banneret, LLC, and The Small Café, are the chosen counsel for Defendant business owners. Counsel has disclosed the prior case versus the County of Los Angeles, Department of Children and Family Services to each Defendant and informed each of the necessity to file this Motion to Disqualify.

Pursuant to Local Rule 7-3, Counsel for Banneret, LLC, and The Small Café has reached out to Counsel for the Plaintiff to meet and confer regarding law and motion including the necessity to file any motion to set aside any defaults entered and a motion to dismiss if indicated.

MOTION FOR DISQUALIFICATION OF THE HONORABLE OTIS D. WRIGHT,PURSUANT TO 28 US.C. §§ 144 AND 455;AFFIDAVIT OF PREJUDICE BY MICHELE A. DOBSON, CERTIFICATE OF GOOD FAITH BY COUNSEL OFRECORD - 3

Banneret, LLC and The Small Café respectfully request that this matter be reassigned so that each my receive a fair hearing.

. "Counsel for a party who believes a judge's impartiality is reasonably subject to question has not only a professional duty to the client to raise the matter, but an independent responsibility as an officer of the court . . . A lawyer who reasonably believes that the judge before whom he is appearing should not sit must raise the issue so it may be confronted and put to rest. Any other course would risk undermining public confidence in our judicial system." Bernard v. Coyne (In re Bernard), 31 F.3d 842, 847 (9th Cir. 1994).

In view of the foregoing, this affidavit and motion are timely.

A legally sufficient declaration under 28 U.S.C. § 144 must meet the following requirements: (1) the facts are material and stated with particularity; (2) the facts are such that, if true they would convince a reasonable person that a bias exists; and (3) the facts show that the bias is personal, as opposed to judicial, in nature. Reiffen v. Microsoft Corp., 158 F.Supp.2d 1016, 1022 (N.D. Cal. 2001).

Section 144 requires a district judge to accept the moving party's affidavit as true. In re Martinez-Catala, 129 F.3d 213, 218 (1st Cir. 1997). While a trial judge may not pass upon the truth of the matters asserted in the moving party's affidavit, a trial judge is not required to recuse himself immediately, because the "judge must pass upon the legal sufficiency of the affidavit." United States v. Kelley, 712 F.2d 884, 889 (1st Cir. 1983). Furthermore, "[s]ince sections 144 and 455 of 28 U.S.C. use similar language, and are intended to govern the same area of conduct, they have been construed in pari materia, and the test of the legal sufficiency of a motion for disqualification is the same under both statutes." Id.

MOTION FOR DISQUALIFICATION OF THE HONORABLE OTIS D. WRIGHT,PURSUANT TO 28 US.C. §§ 144 AND 455;AFFIDAVIT OF PREJUDICE BY MICHELE A. DOBSON, CERTIFICATE OF GOOD FAITH BY COUNSEL OFRECORD - 4

If an affidavit of bias or prejudice complies with the statutory standards set forth in this section concerning timeliness and legal sufficiency, then the judge against whom it is directed is obligated to recuse himself.

In 1974, Congress rewrote 28 U.S.C. § 455 to correct perceived problems in the disqualification statutes. Prior to 1974, both the technical and legal sufficiency requirements of section 144 had been construed strictly in favor of judges. Courts also operated under the so-called "duty to sit" doctrine which required a judge to hear a case unless a clear demonstration of extrajudicial bias or prejudice was made. Consequently, disqualification of a judge was difficult under Section 144.  In passing the amended 28 U.S.C. § 455, Congress broadened the grounds and loosened the procedure for disqualification in the federal courts.

Section 455 "is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge." U.S. v. Sibla, 624 F.2d 864, 867-68 (9th Cir. 1980).  It "modifies section 144 in requiring the judge to go beyond the section 144 affidavit and consider the merits of the motion pursuant to section 455(a) & (b)(1)." Id. at 868.

Moreover, judicial remarks during the course of litigation may also support a bias or partiality challenge "if they reveal an opinion that derives from an extrajudicial source. Liteky v. U.S., 510 U.S. 540, 555 (1994).  In the previous matter wherein Counsel for Defendants was before Judge Wright, the Court belittled and berated Counsel's claim against the County of Los Angeles, Department of Children and Family Services and the matter only survived because the Magistrate Judge and the State Court Superior Court Judge took the claims seriously.  The Magistrate Judge and the State Court Superior Court Judge did not pre-judge the facts; rather, ruled upon the matter on its merits.  In fact, in the final appearance before Judge Wright, he stated that he granted the

MOTION FOR DISQUALIFICATION OF THE HONORABLE OTIS D. WRIGHT,PURSUANT TO 28 US.C. §§ 144 AND 455;AFFIDAVIT OF PREJUDICE BY MICHELE A. DOBSON, CERTIFICATE OF GOOD FAITH BY COUNSEL OFRECORD - 5

hearing because it seemed like Counsel needed a day in court, not because Judge Wright was interested in reviewing the matters on the merits.

Courts have also noted, in the context of recusal motions, that "the whole is sometimes greater than the sum of the parts. The cumulative effect of a judge's individual actions, comments and past associations could raise some question about impartiality, even though none (taken alone) would require recusal. In re Martinez-Catala, supra, 129 F.3d at 221.

"[A] judge may not sit in cases in which his impartiality might reasonably be questioned." U.S. v. Holland, 519 F.3d 909, 911 (9th Cir. 2008) (original emphasis) (internal quotation marks omitted). "If it is a close case, the balance tips in favor of recusal." Id. For that reason, the court in Melendres decided that recusal was appropriate: "No Court should tolerate even the slightest chance that its continued participation in a high profile lawsuit could taint the public's perception of the fairness of the outcome. Certainly, this Court is unwilling to take such a risk." Melendres, 2009 WL 2132693, at *15, 2009 U.S. Dist. LEXIS 65069, at *52-53.

Based upon the foregoing, Banneret, LLC and The Small Café respectfully request that this matter be reassigned.

DATED: April 8, 2019                 LAW OFFICES OF MICHELE A. DOBSON



_____
MICHELE A. DOBSON

MOTION FOR DISQUALIFICATION OF THE HONORABLE OTIS D. WRIGHT,PURSUANT TO 28 US.C. §§ 144 AND 455;AFFIDAVIT OF PREJUDICE BY MICHELE A. DOBSON, CERTIFICATE OF GOOD FAITH BY COUNSEL OFRECORD - 6

# AFFIDAVIT OF MICHELE A. DOBSON IN SUPPORT

1. I am an attorney admitted to practice in the State of California and I had a matter in 2017-2018, before the Honorable Otis Wright against the County of Los Angeles, Department of Children and Family Services. I have personal knowledge of the information within this Declaration and if called to testify, I could and would testify pursuant to penalty of perjury to the following.

2. During the prosecution of a prior action before this court against the County of Los Angeles, Department of Children and Family Services, the court orally, and in print, made multiple comments, prior to the presentation of evidence, about the merits of Counsel's claims against the County of Los Angeles, Department of Children and Family Services, including granting Counsel a hearing stating that he did so just because it appeared that Counsel "needed her day in court."

3. In this matter, Defendant's Restaurants need a bench officer that will give this matter a fair hearing irrespective of this Court's prior opinion about the merits of the matter brought against the County of Los Angeles, Department of Children and Family Services. Counsel does not believe that a fair hearing can be achieved before this Bench Officer.

4. The matter before this Bench Officer remains in State Court, defeating the County of Los Angeles' Summary Judgment Motion, and is set for Jury Trial this Summer.

I declare that the foregoing is based upon my personal knowledge and submit the above referenced testimony pursuant to the laws of the United States, the laws of California and pursuant to penalty of perjury.

DATED: April 8, 2019

_____
MICHELE A. DOBSON

MOTION FOR DISQUALIFICATION OF THE HONORABLE OTIS D. WRIGHT,PURSUANT TO 28 US.C. §§ 144 AND 455;AFFIDAVIT OF PREJUDICE BY MICHELE A. DOBSON, CERTIFICATE OF GOOD FAITH BY COUNSEL OFRECORD - 7