UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 19-01272-ODW (JEMx) | Date: | May 2, 2019 |
|---|---|---|---|

| Title: | *Chris Langer v. Banneret, LLC, et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] Order DENYING Plaintiff's Motion to Disqualify Judge Otis D. Wright, II

Pending before this Court is Plaintiff Chris Langer's motion to disqualify Judge Otis D. Wright, II. (Dkt. No. 18.) Pursuant to Federal Rule of Civil Procedure 78(b) and Local Rule 7-15, the Court finds this matter appropriate for determination without oral argument. For the reasons discussed herein, Plaintiff's motion is **DENIED**.

**I.   BACKGROUND**

In February 21, 2019, Plaintiff filed a Complaint alleging violations of the ADA and the Unruh Civil Rights Act. On February 22, 2019, the case was assigned to Judge Otis D. Wright, II. On April 11, 2019, Plaintiff filed a motion to disqualify Judge Wright. Plaintiff's motion was based on a prior case before Judge Wright which involved Plaintiff's counsel, Michele Dobson ("Dobson").

Dobson asserts that Judge Wright should be disqualified because he did not consider the merits of the previous action.[1]  Dobson bases this motion on comments made by Judge

---

[1] While Dobson does not direct the Court to the case number underlying her Declaration, based on the facts provided to the Court, it appears to have been *Michele A. Dobson et al. v. County of Los Angeles et al.*, 2:16-cv-08366-ODW. After a

Wright asserting that he held a hearing in the previous matter because Dobson "needed her day in court."

## II.     DISCUSSION

A judge should be disqualified "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice." *F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1144 (9th Cir. 2001). "In the instance where the partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible." *Id.* Thus, for the Court to rule on this motion, three questions must be answered: whether Plaintiff has demonstrated any partiality on Judge Wright's part; whether that alleged partiality arises from "extrajudicial sources"; and, if not, whether the alleged partiality rises to the level of "deep-seated and unequivocal antagonism."

Plaintiff's only grounds for partiality is that Judge Wright commented that he granted a hearing because Dobson "needed her day in court".

Judge Wright held a hearing, considered the merits of the case, and then adopted the suggestions of a magistrate judge. Such is the common course of business for Federal Judges. Nothing before the Court raises concerns about Judge Wright's ability to remain impartial and render fair judgment in this completely separate dispute nearly two years later. Further, Dobson has not provided any indication that the purported impartiality arose from extrajudicial sources or a deep-seated and unequivocal antagonism Judge Wright fosters towards her. Disqualification here is improper.

Accordingly, Plaintiff's motion to disqualify (Dkt. No. 18) is **DENIED**.

**IT IS SO ORDERED.**

---

hearing, Judge Wright adopted the recommendations of a magistrate judge and remanded the case to the Superior Court of California.