CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

Michele A. Dobson, (Bar No. 192349)
LAW OFFICES OF MICHELE A. DOBSON
Historic Bixby Knolls
3711 Long Beach Blvd., Suite 5047
Long Beach, CA 90807
T (562) 433-7718 Telephone
F (562) 433-7719 Facsimile
E longbeachesq@gmail.com
www.longbeachesq.com

Attorney for Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Chris Langer**, <br><br> Plaintiff, <br><br> v. <br><br> **Banneret, LLC**, a California Limited Liability Company; **H & I Foods Inc.**, a California Corporation; **The Small Café, LLC**, a California Limited Liability Company; and Does 1-10, <br><br> Defendants | Case No. 2:19-cv-01272-ODW-JEM <br><br> **Joint Report (Rule 26) for Scheduling Conference** <br><br> Date:    July 8, 2019 <br> Time:    1:30 p.m. <br><br> Honorable Judge Otis D. Wright II |

PURSUANT TO Rule 26 of the Federal Rules of Civil Procedure and the Order Scheduling Meeting of Counsel filed April 25, 2019, the parties hereby submit the following Joint Rule 26(f) Report.

**1.      Short Synopsis of the Principal Issues**

<u>Plaintiff</u>: Chris Langer is a paraplegic who cannot walk and who uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van. Defendant Banneret, LLC owns the real property located at or about 5650 E. 2nd Street, Long Beach, California and 5656 E. 2nd Street, Long Beach, California. Defendant H & I Foods Inc. owns Flavor of Punjab located at or about 5650 E. 2nd Street, Long Beach, California. Defendant The Small Café, LLC owns The Small Café, LLC located at or about 5656 E. 2nd Street, Long Beach, California.

Even though there were parking spaces marked and reserved for persons with disabilities in the parking lot serving Flavor of Punjab and The Small Café during Plaintiff's visit, the parking spaces were not van accessible. The two parking stalls measured about 110 inches and 106 inches in width, respectively while the shared access aisle measured about 57 inches in width. These are not van accessible. Additionally, the parking stalls and access aisle were not level with each other because there was a built up curb ramp running into the access aisle. This curb ramp caused slopes greater than 2.1%.

Even though the plaintiff did not personally confront the barriers, the transaction counters at Flavor of Punjab and The Small Café are about 42 inches in height. There are no lowered, 36 inch portion of the transaction counter at Flavor of Punjab and The Small Café. The restroom mirror at Flavor of Punjab is mounted on the wall so that its bottom edge is more than 40 inches above the finish floor. In fact, the restroom mirror is about 46 inches high. There is no clear floor space in front of the disposable toilet seat cover

dispenser at Flavor of Punjab because it is mounted on the wall behind the toilet.

Defendant's failure to provide for van-accessible parking space, lack of level parking, inaccessible transaction counter and restroom facilities at the Flavor of Punjab and The Small Café is a violation of the ADA and is discriminatory against the plaintiff. Defendant violates plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act and therefore, he seeks injunctive relief and the statutory minimum damage award.

<u>Defendants</u>: Banneret, LLC, a California Limited Liability Company; H & I Foods Inc., a California Corporation; The Small Café, LLC, a California Limited Liability Company. Banneret, LLC owns the property, including the parking lot, and H & I Foods is a leasee operating as an Indian Restaurant and The Small Café is a leasee operating as a breakfast and lunch Café.

Defendants are certain that Chris Langer has never patronized Flavors of Panjub (H & I Foods) nor The Small Café.

All three defendants are ADA compliant entities surveyed by an Architect, FAIA, CASp.

**2. Statement of Whether Pleadings are Likely to be Amended**

<u>Plaintiff</u>: Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports* (US) Inc., 631 F.3d 939 (9th Cir. 2011).

<u>Defendants</u>: Not be defendants.

**3.     Statement as to Issues which may be Determined by Motion**

<u>Plaintiff</u>: believes that all liability issues can be determined by motion.

<u>Defendants</u>:  Defendants have prepared a vexatious litigant motion for hearing and a Motion for Summary Judgment requesting that the court decline to exercise supplemental jurisdiction.

**4.     Discovery Plan per Rule 26(f)(3)**

a.     <u>Initial Disclosures</u>

The Parties do not seek any changes to the timing, form or requirements for initial disclosures. Plaintiff has served initial disclosures on or about June 7, 2019. Defendant anticipates that Initial Disclosure shall be served via United States Mail by September 12, 2019.

<u>Plaintiff</u>: Plaintiff does not believe an over two month delay in initial disclosures is conducive to economic resolution of this matter and requests no deviation from the disclosure requirements.

b.     <u>Subjects for Discovery</u>

<u>Plaintiff</u>: will seek discovery related to: (1) the ownership and operation of the business; (2) lack of van-accessible parking space, level parking, inaccessible transaction counter and restroom facilities at the Flavor of Punjab and The Small Café; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities. Plaintiff has propounded a set of Interrogatories, Requests for Admission and Requests for Production of Documents. Plaintiff intends to take the deposition of Defendants and to conduct an expert site inspection.

<u>Defendants</u>: Defendants noticed the deposition of Chris Langer and it is noticed for September 5, 2019, at 10:00 a.m.

The parties do not propose to conduct discovery in phases. The parties consent to receive by e-mail all discovery responses that are capable to be received via electronic means.

<u>Plaintiff</u>: Defendants appear to be attempting to deny Plaintiff the opportunity to conduct discovery in this matter by claiming to be unavailable while discovery is due and asking that all deadlines be advanced to the point that it would be impossible to conduct discovery or enforce a failure to respond. Plaintiff requests that the court set standard discovery deadlines to allow Plaintiff to litigate his case. A discovery deadline of June 1, 2020 is appropriate.

<u>Defendant</u> proposes a discovery cutoff date of November 1, 2019.

c.   <u>Electronic Discovery Issues</u>:

<u>Plaintiff</u>: hereby requests that, as part of initial disclosures, Defendants produce all surveillance audio and video footage recorded at Defendants' facility; and which is in its possession or under its control. Defendant has an ongoing duty to preserve these video tapes and can no longer destroy or copy over such videotape footage.

<u>Defendants</u>: Defendant property owner, Bannerett, LLC, and restaurants, House of Panjub (H & I Foods) and The Small Café do not have surveillance videos, video tapes or photographs.

d.   <u>Privilege or Protection Issues</u>
None.

Defendants: None

e. <u>Limitations on Discovery</u>

<u>Plaintiff</u>: Plaintiff requests that rule FRCP 33(a)(1) limits be increased to 45 for both parties. Plaintiff otherwise requests no deviation from the Federal and Local Rules.

<u>Defendants</u>: Plaintiffs have already propounded written discovery that exceeds FRCP 33(a)(1), wherein responses are due while defense counsel is out of the country on a pre-paid vacation with her family from July 9, 2019, through July 26, 2019. A notice of unavailability was mailed to all parties in March of 2019. Defendants request that the parties be limited to the perimeters of FRCP 33(a)(1) as Mr. Langer has never visited the defendant facilities; nor, defendant restaurants and admits that he has not personally encountered any barriers at defendants facilities. Discovery will be limited.

f. <u>Other Orders</u>

The parties do not seek another discovery order at this time.

g. <u>Discovery Cutoff</u>

<u>Plaintiff</u>: proposes a final discovery completion date for non-expert discovery of May 11, 2020. Plaintiff proposes that experts be designated per FRCP Rule 26 (a)(2) by May 18, 2020, and expert witness depositions be completed by June 1, 2020.

<u>Defendants</u> stipulate to a final discovery completion date for non-expert discovery of November 1, 2019. Defendant proposes that experts be designated per FRCP Rule 26 (a)(2) by September 18, 2019, and expert witness depositions be completed by October 31, 2019.

### 5. Motions Schedule

<u>Plaintiff</u>: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will occur after the necessary depositions are taken in this case. Plaintiff proposes a motion cut-off date of June 29, 2020.

<u>Defendants</u>: anticipate filing a vexatious litigant motion and a motion for summary judgment requesting that the court decline to exercise supplemental jurisdiction.

### 6. Settlement

<u>Plaintiff</u>: believes that L.R. 16-15.4, Settlement Procedure Number 2—settlement proceedings before an attorney selected from the Attorney Settlement Officer Panel—should be utilized in this case.

<u>Defendants</u>: Defendants concur with ADR PROCEDURE NO. 2 - The parties shall appear before a neutral selected from the Court's Mediation Panel.

### 7. Trial Estimate and Trial Dates

<u>Plaintiff</u>: anticipates a 2-3 day bench trial. Plaintiff proposes that the Final Pretrial Conference be set for August 10, 2020 and Trial be set for August 25, 2020.

<u>Defendants</u>: Defendants demand a Jury Trial. Defendants estimate a 4-5 day Jury Trial. The Seventh Amendment of the U.S. Constitution guarantees the right to a jury trial. Similarly, most state constitutions guarantee that right. Further, the federal Civil Rights Act of 1991, which amended Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act of 1990

(ADA), specifically provide for jury trials in Title VII and ADA discrimination cases.

**8.  Additional Parties**

<u>Plaintiff</u>: does not anticipate joining any additional parties.

<u>Defendants</u>: not applicable as to the Defendants.

**9.  Jury Trial**

<u>Plaintiff</u>: requests a bench trial.

<u>Defendants</u>: demand a Jury Trial.  The Seventh Amendment of the U.S. Constitution guarantees the right to a jury trial. Similarly, most state constitutions guarantee that right. Further, the federal Civil Rights Act of 1991, which amended Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act of 1990 (ADA), specifically provide for jury trials in Title VII and ADA discrimination cases.

**10.  Other Issues Affecting Status or Management of Case**

There are no other issues regarding the status or management of the case.

**11.  Severance/Bifurcation**

<u>Plaintiff</u>: does not have any proposals regarding bifurcation, severance or other ordering of proof.

<u>Defendants</u>: none as to the Defendants.

| | | |
|---|---|---|
| Dated: July 1, 2019 | | CENTER FOR DISABILITY ACCESS |

By: */s/Dennis Price*
Dennis Price
Attorney for Plaintiff

Dated: July 1, 2019                    LAW OFFICES OF MICHELE A. DOBSON

By: /s/ *Michele A. Dobson*
Michele A. Dobson
Attorney for Defendants

# SIGNATURE ATTESTATION

Pursuant to Civil L.R 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: July 1, 2019                         CENTER FOR DISABILITY ACCESS

                                            By: */s/Dennis Price*
                                            Dennis Price
                                            Attorney for Plaintiff

# EXHIBIT A

# PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES

| Matter | Weeks Before Trial | Plaintiff's Request |
|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | 25 | 3/2/2020 |
| Non-Expert Discovery Cut-Off | 15 | 5/11/2020 |
| Expert Discovery Cut-Off | 12 | 6/1/2020 |
| Last Day to Conduct Settlement Proceedings | 10 | 6/15/2020 |
| Last Day for Law and Motion Hearings | 8 | 6/29/2020 |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 2 | 8/10/2020 |
| Last Day for Filing Proposed Findings of Facts and Conclusions of Law (if court trial) | 1 | 8/17/2020 |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before Trial | 8/21/2020 |
| Trial **(Tuesday at 9:00 a.m.)** | | 8/25/2020 |