O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chris Langer,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>Banneret, LLC; H & I Foods Inc.; The Small Café, LLC; and Does 1–10,<br><br>　　　　　　Defendants. | Case No. 2:19-cv-01272-ODW (JEMx)<br><br>**ORDER DENYING MOTION FOR LEAVE TO WITHDRAW AS COUNSEL [81]** |

Michele A. Dobson, counsel for Defendants Banneret, LLC, H & I Foods, Inc., and The Small Café, LLC seeks to withdraw as counsel of record as to only Defendant Banneret, LLC ("Banneret"). (Mot. to Withdraw, ECF No. 81.)[1] Local Rule 83-2.3.2 requires an attorney to obtain leave from the Court to withdraw as counsel. California's Rules of Professional Conduct generally govern an attorney's conduct before this Court, including circumstances permitting withdrawal. *See* L.R. 83-2.3.2.

A district court has discretion to permit or deny an attorney's withdrawal. *Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. 2:09-cv-3200 PSG (VBKx), 2009 WL 2337863, at *1 (C.D. Cal. July 28, 2009). Courts consider four

---

[1] After carefully considering the papers filed in connection with the motion to withdraw, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Accordingly, the Court **VACATES** the motion hearing on June 15, 2020, at 1:30 p.m.

factors for withdrawal requests: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id.*

Ms. Dobson seeks to withdraw under California Rules of Professional Conduct 3-700(C)(1)(d) and (f) (now Cal. R. Prof'l Conduct 1.16(b)(4) & (5) (Nov. 1, 2018)). She asserts "[t]he Principal for Banneret, LLC . . . will continue either Self-Represented or he will hire new counsel to complete this matter." (Mot. 2; Decl. of Michele A. Dobson ¶ 2, ECF No. 81-2.) Although the Court acknowledges that permissive withdrawal may be warranted due to Banneret's refusal to communicate or pay legal fees, Ms. Dobson neglects to acknowledge that Banneret is a business entity that cannot represent itself pro se in federal court. C.D. Cal. L.R. 83-2.3.2; *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). Nor has she "give[n] written notice to the organization of the consequences of its inability to appear pro se." C.D. Cal. L.R. 83-2.3.4. As no attorney has yet to substitute in for Banneret and Banneret has not been advised of the consequences of its inability to appear pro se, the Court rejects Ms. Dobson's motion to withdraw.

Additionally, the trial in this matter is quickly approaching, with the Pretrial Conference in less than one month and the Trial in less than seven weeks. (*See* Scheduling and Case Management Order 24, ECF No. 42.) The parties recently stipulated to extend the mediation deadline to June 20, 2020, to facilitate "resol[ution] [of] this case through mediation." (Stip. 2, ECF No. 88; Order Granting Stip., ECF No. 89.) Permitting withdrawal at this late juncture would disrupt ongoing mediation efforts and result in delay to the impending pretrial and trial dates.

Therefore, Ms. Dobson's motion to withdraw is **DENIED**. Ms. Dobson may reapply to withdraw as counsel if Banneret acquires substitute counsel, provided withdrawal does not cause unwarranted delay in the resolution of the case. *See* C.D.

Cal. L.R. 83-2.3.5. At that time, Banneret must file a request for approval of substitution of attorney.

**IT IS SO ORDERED.**

June 4, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**