O

# United States District Court
# Central District of California

| | |
|---|---|
| CHRIS LANGER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BANNERET, LLC; H & I FOODS INC.;<br>THE SMALL CAFÉ, LLC; and<br>DOES 1–10,<br><br>　　　　　Defendants. | Case № 2:19-cv-01272-ODW (JEMx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [66]** |

## I.　INTRODUCTION

Plaintiff Chris Langer moves for summary judgment against Defendants Banneret, LLC, H & I Foods Inc., and The Small Café, LLC ("Defendants") for a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, specifically failure to provide and maintain accessible parking ("Motion"). (Mot. Summ. J. ("Mot."), ECF No. 66.)  The Court finds that genuine issues of material fact preclude judgment as a matter of law.  Accordingly, the Court **DENIES** Langer's Motion.[1]

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

The undisputed facts establish the following. Defendant The Small Café, LLC owns and operates The Small Café, a restaurant located at 5656 E. 2nd Street in Long Beach, California. (*See* Pl.'s Statement of Uncontroverted Facts ("PSUF") 3, 6, ECF No. 66-2.) Defendant H & I Foods, Inc. owns and operates Flavor of Punjab, a restaurant located at 5650 E. 2nd Street in Long Beach, California. (*See* PSUF 3, 5.) Defendant Banneret, LLC owns the real property on which Flavor of Punjab and The Small Café are located.[2] (PSUF 4.) The Small Café and H & I Foods are tenants of Banneret. (Defs.' Statement of Genuine Issues ("DSGI") 9, 12, ECF No. 76.)

Plaintiff Chris Langer is paraplegic and cannot walk; he uses a wheelchair for mobility. (PSUF 1.) He has a specially equipped van with a ramp that deploys from the passenger side to accommodate his wheelchair. (PSUF 2.) On January 22, 2019, Langer went to 5650 and 5656 E. 2nd Street, Long Beach, California, to eat and assess the businesses for compliance with access laws. (PSUF 7.) The property provided a parking lot for customers in front of the businesses that included two spaces reserved for persons with disabilities. (PSUF 8.) However, Langer found the access aisle for the two spaces was sloped and too narrow such that he would not be able to deploy his ramp. (PSUF 11.) He did not park. (DSGI 16.)

On February 21, 2019, Langer filed this action against Defendants for violations of the ADA.[3] (*See* Compl., ECF No. 1.) In addition to the parking access barrier described above, Langer also alleged noncompliance inside the restaurants, including regarding transaction counters, restrooms, and "other violations and barriers." (*See*

---

[2] The parties do not dispute these facts. Therefore, the Court **DENIES** Langer's Request for Judicial Notice ("RJN") as the materials submitted are unnecessary to the disposition of the Motion. (Pl.'s RJN, ECF No. 67.)

[3] Langer also asserted a claim under the California Unruh Civil Rights Act ("Unruh"), which was subsequently dismissed without prejudice. (Order, ECF No. 48.) The Court **DENIES** Defendants' RJN of the Court's Order dismissing Langer's Unruh claim (*see* Opp'n to Mot. ("Opp'n") 21, ECF No. 75), because the Court need not judicially notice its own orders in this action. In addition, the Court **DENIES** Defendants' RJN of Langer's numerous complaints filed on the same date as the complaint in this case (*see* Opp'n 21), because they are unnecessary to the disposition of the Motion.

1  Compl. ¶¶ 14–39.) Thereafter, The Small Café obtained an Accessibility Survey from
2  Certified Access Specialist Janis Kent, and Defendants made numerous ADA
3  accessibility accommodations, including to transaction counters, dining tables,
4  restrooms, and parking. (DSGI 3, 13; Decl. of Carrie Small ("Small Decl.") ¶ 2, ECF
5  No. 75-23; Decl. of Owner of H & I Foods ("H & I Decl.") ¶ 6, ECF No. 75-24.)

6  One year later, on February 6, 2020, Langer's expert, Soyoung Ward, reevaluated
7  the property. (PSUF 21.) Ward found that the first van accessible space in the parking
8  lot lacked a portion of striping on its left side and the access aisle was less than 18 feet
9  in length, measuring only 17 feet 4.25 inches. (PSUF 23–24; Decl. of Soyoung Ward
10 ¶¶ 8–10, Ex. 7 ("Ward Report") at 5, ECF Nos. 66-9, 66-10.) Thus, on March 16, 2020,
11 Langer moved for summary judgment seeking an order requiring Defendants to provide
12 and maintain accessible parking. (Mot. 1, 9–13.)

### III.   LEGAL STANDARD

14 A court "shall grant summary judgment if the movant shows that there is no
15 genuine dispute as to any material fact and the movant is entitled to judgment as a matter
16 of law." Fed. R. Civ. P. 56(a). Courts must view the facts and draw reasonable
17 inferences in the light most favorable to the nonmoving party. *Scott v. Harris,* 550 U.S.
18 372, 378 (2007). A disputed fact is "material" where the resolution of that fact might
19 affect the outcome of the suit under the governing law, and the dispute is "genuine"
20 where "the evidence is such that a reasonable jury could return a verdict for the
21 nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court
22 may not weigh conflicting evidence or make credibility determinations, but there must
23 be more than a mere scintilla of contradictory evidence to survive summary judgment.
24 *Id.* at 255; *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

25 Once the moving party satisfies its burden, the nonmoving party cannot simply
26 rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a
27 material issue of fact precludes summary judgment. *See Celotex Corp. v. Catrett*, 477
28 U.S. 317, 322–23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The court should grant summary judgment against a party who fails to demonstrate facts sufficient to establish an element essential to her case when she will ultimately bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322.

Pursuant to the Local Rules, parties moving for summary judgment must file a proposed "Statement of Uncontroverted Facts and Conclusions of Law" that should set out "the material facts as to which the moving party contends there is no genuine dispute." C.D. Cal. L.R. 56-1. A party opposing the motion must file a "Statement of Genuine Disputes" setting forth all material facts as to which it contends there exists a genuine dispute. C.D. Cal. L.R. 56-2. "[T]he Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." C.D. Cal. L.R. 56-3.

## IV.  DISCUSSION

Langer seeks summary judgment against Defendants for violating the ADA. (Mot. 5–7.) "Title III of the ADA prohibits discrimination on the basis of disability in the 'full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation.'" *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 904 (9th Cir. 2011) (quoting 42 U.S.C. §§ 2000a(b), 12182(a)). Discrimination may be in the form of access barriers that violate the ADA and "interfere with disabled individuals' 'full and equal enjoyment' of places of public accommodation." *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)). To establish a prima facie case for

discrimination under Title III of the ADA, a plaintiff must show that "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation"; and (3) the defendant denied public accommodation to the plaintiff because of her disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)–(b)).

The parties do not dispute that Langer is disabled under the ADA or that Defendants own or operate the restaurants, which are places of public accommodation. (PSUF 1, 4–6; *see* Mot.; Opp'n); 42 U.S.C. § 12181(7)(B). Rather, Defendants contend that Langer's Motion must be denied because Defendants have remedied all alleged non-compliance thereby mooting Langer's ADA claim. (*See* Opp'n 10–22.) Additionally, Defendants The Small Café and H & I Foods ("Tenant Defendants") argue they are merely tenants that lack ownership or control over the parking lot. (*See* Opp'n 10–22.) Defendants also argue the Motion must be denied because parking at the rear of the property provides additional van accessible parking spaces and Langer lacks standing. (*See* Opp'n 10–22.) As the Court finds genuine disputes of material fact exist regarding mootness and tenants' control over the parking lot, summary judgment is not appropriate, and the Court does not reach Defendants remaining arguments.[4]

**A.   Mootness**

"Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver*, 654 F.3d at 905 (citation omitted). It is the defendants' "heavy burden" to show the alleged access violations "cannot reasonably be expected to" recur. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 189 (2000).

---

[4] As the Court does not consider Defendants' rear parking arguments, it does not reach Defendants' objections to Langer's additional evidence on the issue. (*See* Defs.' Objs., ECF No. 78.)

Defendants argue they have remediated all alleged ADA non-compliance and therefore Langer's claim is moot. (Opp'n 16–19, 22.) Defendants submit evidence that they hired a Certified Access Specialist, Janis Kent, who conducted an evaluation and provided an Accessibility Report. (Small Decl. ¶¶ 2–6, Ex. E ("Kent Report"), ECF No. 75-5.) Defendants then hired a contractor to address the issues identified in the Complaint, including: removing or adding tables and booths, removing sections of flooring, removing or lowering counters, closing the restroom to the public at The Small Café and renovating the restroom at Flavor of Punjab, adding signs, and restriping the parking lot. (Opp'n 22; Small Decl. ¶¶ 2–6, 9; H & I Decl. ¶¶ 4–6.)

Langer does not dispute Defendants' substantial remediation. (Reply in Supp. Mot. ("Reply") 2,[5] ECF No. 77.) Rather, Langer argues only that Defendants have not remedied the parking access barrier because the van accessible space remains non-compliant. (Mot. 11; Reply 3.)

Langer contends the California Building Code requires accessible parking spaces to be 18 feet in length and the ADA requires the adjacent access aisle to extend that full length. (Mot. 10 (citing Cal. Code Regs. tit. 24, § 11B-502.2 (length)); Reply 3 (citing 2010 ADAAG § 502.3.2 (aisle)).) He argues Defendants' parking remains non-compliant because, as of February 6, 2020, the first van accessible space lacked a portion of its left line and the adjacent access aisle was only 17 feet 4.25 inches in length. (Reply 3; Ward Report 5.) However, Defendants submit evidence that Defendant Banneret restriped the van accessible parking spaces for a second time in February 2020 to make them ADA-complaint. (*See* H & I Decl. ¶¶ 4–5.) Construing all inferences in the light most favorable to Defendants, a reasonable juror could conclude that Defendants restriped the spaces after February 6, 2020. Further, a reasonable juror could conclude that Defendants' extensive efforts to achieve

---

[5] As every page of Langer's Reply is marked page "1," the Court refers to the page numbers in the docketing strip at the top of each page.

ADA-compliance, in particular restriping the accessible parking spaces twice, demonstrate that the alleged barriers are not likely to recur.

Thus, a genuine dispute of material fact exists regarding whether Defendants remedied the van accessible parking space and access aisle so as to moot Langer's ADA claim. Accordingly, summary judgment is not appropriate.

**B.   Tenant's Responsibility for Parking Lot**

Even if no material question remained regarding remediation, summary judgment is not appropriate as against Tenant Defendants.

Tenant Defendants contend they are not responsible for any non-compliant parking spaces because, as tenants, they have no control over and cannot alter the parking area. (*See* Opp'n 5.) Tenant Defendants argue that only Defendant Banneret, as the landlord and owner of the real property, may be liable for parking access noncompliance. (*See* Opp'n 2, 5, 12.)

The ADA does not impose liability on tenants "for ADA violations that occur in those areas exclusively under the control of the landlord." *Kohler v. Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1266 (9th Cir. 2015). A tenant has "ADA compliance obligations [only] for that part of the property it controls." *Id.* at 1264. In *Kohler*, the Ninth Circuit affirmed that a tenant whose lease did not include the parking lot was not liable for any ADA barriers occurring there. *Id.* at 1262, 1266; *see also id.* at 1264 (noting that liability in such a case would "serve[] no purpose other than to magnify the potential targets for an ADA lawsuit").

Langer seeks to impose liability where the Ninth Circuit has clearly said he cannot. Under *Kohler*, absent evidence that Tenant Defendants "own[], lease[] . . . , or operate[]" the parking lot, they have no ADA compliance obligations as to the parking spaces. *Id.* at 1264. No party submits a lease here, but both Tenant Defendants submit declarations stating they have no responsibility or control over the parking lot. (Small Decl. ¶ 7; H & I Decl. ¶ 5.) Langer argues that Tenant Defendants have not shown that the parking lot is not included in their lease (Reply 6), but this onus rests with Langer

7

as he bears the burden of establishing Tenant Defendants "own[], lease[] . . . , or operate[]" the parking lot. *See Kohler*, 780 F.3d at 1264. Even if it did not, Tenant Defendants need only raise a genuine question of material fact to avoid summary judgment. They have done so here. Construing all inferences in the light most favorable to Tenant Defendants, a reasonable juror could conclude that Tenant Defendants have no control or ADA-compliance obligation for the parking lot.

Tenant Defendants have raised a genuine issue of material fact regarding whether they may be liable for access barriers in the parking lot. Accordingly, summary judgment is not appropriate as to Defendants The Small Café and H & I Foods.

## V.   CONCLUSION

Genuine issues of material fact exist and preclude judgment as a matter of law. Accordingly, the Court **DENIES** Langer's Motion for Summary Judgment. (ECF No. 66.)

**IT IS SO ORDERED.**

June 30, 2020

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**